DIEGO JIMÉNEZ, Plaintiff and Appellant, *v.* WORKMEN'S RELIEF COMMISSION, Defendant and Appellee.

No. 3698. Argued December 1, 1925.—Decided December 15, 1925.

MASTER AND SERVANT—WORKMEN'S COMPENSATION—FARM LABORERS.—A laborer employed on a coffee plantation in gathering the coffee and carrying it thereafter to a warehouse or place of storage on the plantation is excluded from the operation of the Compensation Act by express provision of its second section.

District Court of Aguadilla, Tomás Bryan, J. Judgment for defendant without costs. *Affirmed.*

B. *Esteves* for the appellant. The *Attorney General* and *E. Aldrey* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Diego Jiménez was employed as a laborer on a coffee plantation to gather the coffee and carry it thereafter in bags to a warehouse or place of storage on the same farm. While carrying a bag of coffee berries he slipped accidentally on the wet road and in an effort to prevent the falling of his burden his right wrist-joint was dislocated and remained stiff thereafter, partially incapacitating him for engaging in his customary occupations.

The Workmen's Relief Commission decided that the case was not covered by the Compensation Act, and in ruling on a motion for reconsideration held:

"In the case of Diego Jiménez a motion for reconsideration filed by attorney Buenaventura Esteves in the name of the injured workman is brought to the attention of the Commission and after examining the record from which it appears from the testimony of the injured workman that he was a coffee gatherer and his occupation is not protected by the Act, according to its second section,

the Commission overrules the said motion for reconsideration. Let notice be given to the petitioner.''

The plaintiff then brought certiorari proceedings in the District Court of Aguadilla. His petition was demurred to for lack of cause of action and the lower court dismissed the complaint ''because it understands that the plaintiff in this case is not protected by the Workmen's Accident Compensation Act.''

The action is based on section 2 of the Act creating the Workmen's Relief Commission, as amended by Act No. 61 of July 14, 1921 (p. 472). That section as amended reads as follows:

''Section 2.—That the provisions of this Act shall apply to laborers injured or disabled or who lose their lives from accidents or sickness occurring because of any act or function inherent in their work or employment and while engaged therein and as a consequence thereof. Farm laborers not employed to work with machinery operated by steam, gas, electricity, animal or other mechanical power or instruments or tools the use of which can not cause serious corporal injury, domestic servants and employees engaged in clerical work, in offices and commercial establishments where machinery is not used, are excepted; *Provided, however,* That farm laborers employed in agricultural work, where animal power or instruments or tools the use of which may cause serious corporal injury are used, shall be entitled to the benefits of this Act; . . .''

Going back to this section in the form in which it was originally drafted in Act No. 10 of February 25, 1918 (p. 54), and its first amendment by Act No. 62 of June 19, 1919 (p. 334), it will be seen that although in other respects it was made most ample and liberal in its application, the point relative to farm laborers suffered no variation.

The Act makes express exception of this class of workers and undoubtedly the reason of the legislators was that agricultural labor does not offer the danger of other occupations, except in cases, also excepted by the Act, of the

employment of animal power or instruments or tools whose use may cause serious bodily injury.

From a cursory examination of the authorities it may be further noted that as a rule farm laborers have been excepted from the operation of the compensation laws in the United States, Canada and England, although frequently it has been provided that farmers may elect to place themselves within the statute. 28 R.C.L. 718.

The judgment appealed from should be affirmed.

Mr. Justice Wolf took no part in the decision of this case.